

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2008

# Khan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Khan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1259

AHMAD KHAN,

Petitioner.

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-708-099)

Submitted under Third Circuit LAR 34.1(a)
on May 12, 2008

Before:  McKEE and ROTH, <u>Circuit Judges</u>
O'NEILL*, <u>District Judge</u>

(Opinion filed: August 1, 2008)

O P I N I O N

---

*Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**ROTH,** Circuit Judge:

Ahmed Khan petitions for review of the Board of Immigration Appeals' denial of his motion to reopen and remand his immigration proceedings. We find that the Board did not abuse its discretion in denying Khan's motion, and we will deny the petition.

Because the facts are well known to the parties, we will discuss them only briefly here.

Khan is a native and citizen of Pakistan. On March 23, 2003, Khan was served with a Notice to Appear charging him with removability on the ground that he had stayed in the United States for longer than permitted. Khan conceded this at a January 6, 2004, hearing.

At that hearing, the Immigration Judge adjourned the case until April 27, 2004, so that Khan (who was represented by counsel) could determine the status of an I-130 Immigrant Petition for Relative that his U.S. citizen wife had filed on October 15, 2003.[1] Following more continuances and the withdrawal of Khan's counsel, a master hearing was rescheduled for March 29, 2005.

The Immigration Judge noted at the March 29, 2005, hearing, that the I-130 had been denied, but Khan's new attorney explained that an appeal of the denial was pending. Khan's new attorney was not the lawyer working on the appeal, but she did have a copy

---

[1]Khan and his wife were married on February 14, 2003, before service of the Notice to Appear.

of the notice to appeal. The I-130 had been denied because Khan and his wife had failed to appear for an interview. According to Khan, the notice to appear for the interview had referred only to adjustment of status, not to the I-130. The attorney responsible for the I-130 application apparently thought the notice was a mistake.

Because there was no interpreter present at the March 2005 hearing, the Immigration Judge postponed the case until May 13, 2005, so that Khan could apply for voluntary departure with an interpreter. The Immigration Judge cautioned Khan's new attorney that she would not be inclined to grant an additional continuance based on the status of the I-130 and that, if Khan wished to pursue another continuance, "it had better be very well documented."

At the May 13, 2005, hearing, Khan's counsel moved for a continuance so that Khan's wife could file another I-130. The Immigration Judge denied the continuance, reasoning that she had already postponed the case so that an I-130 could be approved and that Khan presently had no relief available to him.[2] No additional information about the status of the appeal was available because Khan's wife apparently had not authorized his new counsel to be involved in the application process. The Immigration Judge refused to postpone the case without a firm representation that the appeal was still pending. The Immigration Judge found further that Khan had not been diligent in pursuing his case as

[2]The record suggests that another I-130 had been filed on Khan's behalf in addition to the October 15, 2003, application so that the first adjournment had been granted based on the pendency of the second I-130 application. However, Khan's attorney had copies of only one I-130.

he had not been in sufficient contact with either the lawyer handling his removal proceedings or the attorneys involved with his I-130.

Following testimony by Khan, the Immigration Judge denied the continuance and ordered Khan removed. The Immigration Judge determined that there was no basis to postpone the case because Khan had not been diligent either in establishing the status of his appeal or in filing a new I-130. The Immigration Judge concluded that Khan merely sought to extend his time in the United States and that there was no other evidence of other grounds for relief. Khan appealed, and the Board affirmed the IJ's decision without opinion on August 28, 2006.

On September 26, 2006, Khan filed a motion to reopen in light of new evidence. Khan argued that he had filed a new I-130 petition and submitted an affidavit indicating that, on September 19, 2006, the attorney handling his earlier I-130 application advised Khan's wife that his appeal was still pending.

The Board denied Khan's motion on December 29, 2005. Citing 8 C.F.R. § 1003.2, the Board explained that, "A motion to reopen proceedings shall not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." The Board reasoned that reopening the proceedings was unwarranted because Khan was "seeking the same relief that he was previously denied, but has not presented prima facie evidence that this second petition will be approved" and because Khan had "no relief currently available to him." Khan timely petitioned for review of the Board's decision denying his motion to reopen.

We have jurisdiction to review a final order of the Board under 8 U.S.C. § 1252(a). We review the Board's decision to deny Khan's motion to reopen for abuse of discretion, although we review the underlying factual determinations for substantial evidence. *Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002).

In this case, the Board found that reopening was unwarranted because Khan was seeking the same relief (approval of an I-130 petition) that had previously been denied but had not presented material evidence that could not have been discovered or presented prior to the May 22, 2006, briefing deadline for his appeal to the Board. Moreover, Khan had not presented prima facie evidence that his later application would be approved and Khan had no relief currently available to him. We cannot say that the Board abused its discretion in denying Khan's motion.[3]

For the reasons set forth above, we will deny the petition for review.

---

[3]Khan asserts that he was denied due process because, in denying his motion to reopen, the Board refused to follow its prior holding in *In re Velarde-Pacheco*, 23 I&N Dec. 253 (BIA 2002). The Board's opinion in that case makes clear, however, that granting such a motion is a matter of discretion. *Id.* at 256. Moreover, in *Velarde-Pacheco*, the Board granted a motion to reopen to allow the immigrant a "single opportunity to have [his] adjustment application[] adjudicated." *Id.* at 257. In this case, Khan has had at least one prior opportunity to have an I-130 adjudicated.